HENDRY, Judge.
The appellant, defendant below appeals from a summary judgment in favor of ap-pellee, plaintiff in a replevin action.
The complaint alleges that plaintiff is entitled to possession of a certain described mobile home,[1] and defendant unlawfully withholds possession thereof from plaintiff. Defendant’s answer denies plaintiff’s right to possession and that defendant unlawfully withholds possession. It affirmatively alleges that defendant is lawfully entitled to possession as agent of Minnehoma Finance Company, (hereafter Minnehoma) holder ■of a trust receipt for the vehicle executed by 'Tom Hamilton, Inc., not a party to this action.
The record shows that on October 21, 1960 Minnehoma filed a statement of trust receipt financing with the Secretary of State naming Tom Hamilton, Inc. (here.after Hamilton) as its financed dealer. On January 16, 1961, Hamilton executed a trust receipt[2] for the vehicle in question, as a result Hamilton obtained the funds with which to purchase the vehicle from the manufacturer. Minnehoma retained possession of the manufacturer’s statement of origin in regard to this vehicle. Hamilton received possession of the vehicle, displayed it on its premises, and thereafter sold it to Mr. and Mrs. Martin on May 20, 1961. The Martins executed a retain title contract with Hamilton who assigned this contract and the accompanying promissory note to appellee. A certificate of title was issued to the Martins naming appellee as lien holder. Thereafter appellee, after recovering the vehicle from the Martins for non-payment, had a new certificate of title issued to it.
Appellee instituted this action to recover possession of the vehicle from appellant who held it for Minnehoma upon Hamilton’s failure to pay its indebtedness under the trust receipt.
We hold that appellee, the bank, is entitled to possession of the vehicle and that the entry of summary judgment was proper. As between the dealer’s financier and the purchaser’s financier, the purchaser’s financier must prevail in a situation such as we have before us. There was a valid sale by Hamilton to the Martins, and they were innocent purchasers for value without notice of the trust receipt transaction.[3]
Minnehoma, financing by trust receipt pursuant to Chapter 673, Fla.Stat., F.S.A., must bear the loss in this situation because by financing in this manner, it assumed the risk of loss whereas the bank did not.[4] Chapter 673 is Florida’s codification of the Uniform Trust Receipts Act which has been adopted by 33 states.[5] The commissioners of the National Conference of Uniform State Laws when they wrote *703 the Uniform Trust Receipt Act specifically provided for such a contingency.
“It is the policy of the Uniform Trust Receipts Act, however, to protect the entruster ‘only against honest insolvency of the trustee. Dishonest action of the trustee is a credit risk, and bona fide purchasers are to be protected against the entruster who has taken that risk by entrusting.’ ” [6]
This policy was adopted by the Florida legislature when they codified the Uniform Trust Receipts Act in Chapter 673 and specifically in § 673.09(2) (a) :
“1. Where the trustee, under the trust receipt transaction, has liberty of sale and sells to a buyer in the ordinary course of trade, whether before or after the expiration of the thirty day period specified in subsection 1 of § 673.08, and whether or not filing has taken place, such buyer takes free of the entruster’s security interest in the goods so sold, and no filing shall constitute notice of the entruster’s security interest to such a buyer.”
In relation to the instant transaction, Minnehoma could no nothing to protect itself against the dishonest actions of Hamilton. The entruster (Minnehoma) assumed the risk of Hamilton’s honesty, as between itself and a purchaser who would have no opportunity or reason to check his moral background. The rule is wise and good. Entruster is doing business with the dealer on a continuing basis while the purchaser is involved in a “one-shot” transaction. Any other rule would greatly hamper the flow of goods and services and violate the legislative intent of § 673.09.
The entruster could have taken no further steps to protect itself. Appellant’s contention is sound that the entruster could not file in the Commissioner of Motor
Vehicle’s office. This inability to file does not change the law one iota, the sale by the dealer in the ordinary course of trade vests title in the purchaser, and the rule is not affected by Chapter 319 in regard to motor vehicles.
Appellant’s argument misconceives the issue, this case is controlled by Chapter 673 not 319, and the title which appellee has is as a result of 673 not 319, thus any failure on the part of appellee to comply with 319 is irrelevant to the determination of this case.
For the reason stated, the summary final judgment appealed is affirmed.
Affirmed.

. It is uncontested tliat this mobile home is a motor vehicle.

. It is without question that appellant fully complied with Chapter 67S, Fla. Stat., F.S.A., in regard to trust receipt financing.

. We affirm the trial court’s finding of a valid sale by Hamilton to the Martins, and that they wore innocent purchasers for value without notice of the trust receipt transaction.

. The bank, as lien holder, stands in the shoes of the purchaser.

. Volusia Discount Company v. Alexander K-F Motors, Fla.1956, 88 So.2d 302, 305.

. Bacon, A Trust Receipt Transaction, 5 Fordham L.Rev. 240, 257 (1936) citing 1933 Handbook of the National Confer-enee of Commissioners on Uniform State Laws, p. 249.