250 So.2d 17 (1971)
HAMILTON COUNTY BANK, a Banking Corporation under the Laws of Florida, Appellant,
v.
Clifford TUTEN and First Commercial Bank of Live Oak, a Banking Corporation under the Laws of Florida, Appellees, and
UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland Corporation, Third-Party Defendant-Appellee.
No. N-176.
District Court of Appeal of Florida, First District.
July 6, 1971.
*18 John H. McCormick, Jasper, and Airth, Sellers, Lewis & Kennon, Live Oak, for appellant.
L. Arthur Lawrence, Jr., Live Oak, and Brannon, Brown, Norris, Vocelle & Haley, Lake City, for appellees.
CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in a replevin action has appealed from a final summary judgment entered for the defendants by the Circuit Court for Suwannee County.
The basic question presented for our determination in this appeal is whether the said judgment was entered in accordance with our procedural rules governing the entry of summary judgments.
The key provision of those rules is found in Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., which provides that at a hearing on a party's motion for a summary judgment the "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
At the hearing in the case at bar on the defendants' motions for summary judgment, the evidence adduced by the parties established the following facts, as found by the court in its summary judgment, appealed from herein:
Discount Mobile Sales, Inc., hereinafter referred to as Discount, was a licensed retail dealer and seller of mobile homes. The plaintiff, Hamilton County Bank, was engaged in the inventory financing of mobile homes for Discount in a manner generally known as floor planning and thereunder claims a lien and right to possession of the personal property which is the subject matter of this action.
The defendant Clifford Tuten was a buyer in good faith of the said personal property for a value in the ordinary course of business from Discount without knowledge of any lien on or claim of the said bank to the said personal property. The defendant First Commercial Bank of Live Oak claims by and through the defendant Tuten, whose claim against the third-party defendant, United States Fidelity and Guaranty Company, is dependent upon the plaintiff's prevailing in this cause.
The court then concluded in the said summary judgment that there was no genuine issue as to any material fact and that the defendants Tuten and First Commercial Bank of Live Oak are entitled to a judgment as a matter of law; that the defendant Tuten is the sole owner of the said personal property and is entitled to the exclusive possession thereof, subject to any valid and existing lien held by the defendant First Commercial Bank of Live *19 Oak; and that the plaintiff has no right, title, or interest upon the said personal property and is not entitled to possession thereof; and that the third-party complaint be dismissed without prejudice.
After a full consideration of the record in this cause, we are convinced that the Circuit Court correctly entered the summary judgment appealed from herein, for the following reasons:
The cause before us, we believe, is controlled by the principles which were recognized and applied by this court in Barnett First National Bank of Jacksonville v. Custom Finance Co., 210 So.2d 291 (Fla. App. 1968), cert. den., 218 So.2d 163 (Fla. 1968).
In this Barnett case a factual situation fairly analogous to that here was involved. In that case the Armor Mobile Homes Corp. of Georgia manufactured mobile homes. Cardair Homes, Inc., of Jacksonville, Florida, a dealer in mobile homes and in cooperation with Armor obtained "floor plan" financing on the said units through Custom Financing Co. The floor plan contract between Cardair and Custom consisted of a "floor plan chattel mortgage," which purported to encumber each mobile home for such amounts as were necessary to pay the manufacturer, Armor; and Armor was still liable, also, to Custom for the money advanced on the floor plan. Custom, as the floor plan chattel mortgagee, filed the action against Barnett, as the assignee of a conditional sales contract, to recover money collected and future collections on sales made out of trust. This court held that, where conditional sales contracts were assigned to Barnett by the dealer, Cardair, "without recourse," and the said dealer warranted that there were no liens against the mobile floor plan chattel mortgagee, Custom, was homes described in the contract, and the aware of sales of mobile homes "out of trust" being made by the dealer, Cardair, and sales by the dealer were made in the regular course of business, the said mortgagee assumed the risk of the honesty or the dishonesty of the dealer; and the assignee stood in the shoes of the buyer, and the assignee's claim to the proceeds of any installment received or to be received from the buyers was superior to the claim of the floor plan chattel mortgagee, Custom. In the course of our opinion in this Barnett case we said:
"The conditional sales contract created an obligation to pay running from the buyer who signed the contract to the seller or his assignee. No obligation to pay Custom was created thereby as against the buyer. Barnett became the financier of the buyer, not of the dealer. "We hold that the provisions of the Uniform Trust Receipts Act are applicable to the set of facts here involved and the honesty or dishonesty of the appellee's dealer, Cardair, constituted an assumed risk on the part of Custom and not on the part of Barnett. The sale of the mobile home was made in the regular course of business, by a licensed dealer selling a `new' unit. Title was specifically retained by the seller and therefore until the purchase price was paid, no title could or would be issued to the buyer. There is a distinction between an instrument creating a lien against a title conveyed and withholding of title as security, so that the point raised about no application having been made to the Motor Vehicle Commissioner by the buyer is immaterial to the issues in this case.
"We feel and so hold that Barnett stood in the shoes of the buyer and therefore its holding of the conditional sale or retained title contract was superior to the claim or right of Custom. This is therefore true as to the proceeds of any installment received or to be received by Barnett from the respective buyers."
We then reversed the judgment for the plaintiff, Custom, and remanded the cause *20 with directions to enter a judgment for the defendant, Barnett.
To the same effect see the decision of the Third District Court of Appeal in Auto Recovery Service, Inc. v. Mercantile National Bank, 161 So.2d 701 (Fla.App. 1964).
Our holding in the Barnett case, supra, is consonant with the following provision in Section 679.307, Florida Statutes, F.S.A. a part of the Uniform Commercial Code:
"(1) A buyer in ordinary course of business (§ 671.201(9)) other than a person buying farm products from a person engaged in farming operations takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence."
The quoted provision was enacted by the Florida Legislature in 1965 and hence was in effect at the times the transactions involved in the instant case took place.
In Motor Credit Corporation v. Woolverton, 99 So.2d 286 (Fla. 1957), the Supreme Court of Florida said:
"When the dealer has actual or implied authority to sell, a purchaser from the dealer takes title as if buying directly from the finance company, under the general principles of agency.
* * * * * *
"* * * the statute `does not provide that no valid title shall be perfected until the purchaser obtains a title certificate, but that no marketable title shall be perfected until that time. The term "marketable title" does not connote that the vendor cannot sell, but that he cannot enforce an agreement to buy, in absence of same * * *.'"
In the case at bar the plaintiff has appealed from the said final summary judgment and also from an order entered by the court denying the plaintiff's motion to alter and amend the said judgment.
Upon the authority of the above-cited decisions, the said summary judgment and order must be and they are
Affirmed.
RAWLS and WIGGINTON, JJ., concur.